NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PFIZER INC. and WARNER-LAMBERT COMPANY, LLC, | Civ. No. 05-620 (DRD) |
| Plaintiffs, | **O P I N I O N** |
| v. | |
| TEVA PHARMACEUTICALS USA, INC., RANBAXY PHARMACEUTICALS, INC. and RANBAXY LABORATORIES LIMITED, | |
| Defendants. | |

In February, 2007, Defendants, Ranbaxy Pharmaceuticals Inc., and Ranbaxy Laboratories, Ltd. (collectively, "Ranbaxy") and Teva Pharmaceuticals, USA ("Teva"), moved pursuant to Fed. R. Civ. P. 56 for partial summary judgment to limit the amount of damages that Plaintiffs, Pfizer and Warner-Lambert (collectively, "Warner-Lambert") can obtain from Ranbaxy and/or Teva. The motion was made on the ground that Warner-Lambert did not comply with the patent marking statute, 35 U.S.C. § 287 (a), until the filing of the present suit.

Since 1991 Warner-Lambert, assignee of the '450 patent, has manufactured and sold its quinapril product in the United States under the name Accupril, asserting that it is within the scope of the '450 patent. Warner-Lambert accuses Ranbaxy's quinapril hydrochloride product, which was sold by Teva from December, 2004, until March, 2005, of infringing the '450 patent. Warner-Lambert filed this action on January 25, 2005.

Defendants relied upon 35 U.S.C. § 287(a) which provides that in order to recover

damages arising from any infringement prior to commencement of an infringement action, a patentee must demonstrate that it either marked its product or product package with the patent number or other advisory notation or that it provided the alleged infringer with actual notice that the infringing product infringed the patent.  Failure to do so bars recovery of any damages arising from any infringing activities that occurred prior to the filing of the complaint.

It is undisputed that Warner-Lambert did not provide defendants with actual notice of Ranbaxy's possible infringement on the '450 patent prior to filing the present suit.  Consequently, according to defendants, Warner-Lambert is precluded from obtaining any damages from defendants occurring before the filing of the present suit.

Warner-Lambert pointed to the earlier filed action, Warner-Lambert Company v. Teva Pharmaceuticals USA, Inc. (Civ. Action No. 99-922) ("Accupril I"), in which Pfizer accuses Teva's generic version of Pfizer's accupril of infringing the '450 patent.  That filing in 1999 constituted actual notice to Teva from Pfizer that Teva's ANDA product infringed the '450 patent.  In the present action Pfizer accuses a second Teva generic version of accupril, the one manufactured by Ranbaxy and sold by Teva, of infringing the same patent.

Warner-Lambert, in opposition to Defendants' motion, relied on case law to the effect that when an accused infringer introduces a new product that is insubstantially different from a product for which it earlier received notice of infringement, the earlier notice will suffice under 35 U.S.C. § 282 to provide notice that the later product infringes.  Warner-Lambert contended that Defendants' product in this case is insubstantially different from the Teva ANDA product at issue and, therefore, that the filing of Accupril I constituted notice sufficient to satisfy 35 U.S.C. § 287 with respect to defendants' product that is the subject of this case.  It contended that the

only difference between the Teva ANDA product and the Teva/Ranbaxy product at issue in this case is the use of mcc instead of lactose as the saccharide. Further, Warner-Lambert argued that Pfizer's identification of the '450 patent in its ANDA for accupril provided actual notice to Defendants through the Orange Book.

The court granted Defendants' motion for summary judgment, holding that Warner-Lambert had not given actual notice to Ranbaxy or Teva pursuant to 35 U.S.C. § 287(a) notice.

Warner-Lambert moved for reconsideration contending that the court impermissibly decided a genuine issue of material fact in ruling that the actual notice provided to Teva in the first lawsuit was insufficient to provide notice of infringement with regard to the product subsequently sold by Teva.

## Discussion

Motions for reconsideration are governed by Local Rule 7.1(i), which permits a party to seek reconsideration by the court of "the matters or controlling decisions which [it] believes the [court] has overlooked" when it ruled on the original motion. Reconsideration is proper if the movant shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F. 3d 669, 677 (3d Cir. 1999).

Warner-Lambert advances a number of grounds on the basis of which it contends the court committed error in its April 23, 2007, order, e.g., i) the stipulation upon which the court relied by its terms stated that it was for the purpose of Accupril I only and could have no effect in the instant action; ii) the stipulation governed the meaning of the term "saccharide" for the

3

purposes of literal infringement and has no relevance to the doctrine of equivalents, which examines whether the claimed and accused products are insubstantially different; iii) the court did not address evidence in the preliminary injunction proceeding and admitted by Teva's expert in <u>Accupril</u> I and found elsewhere in the related proceedings that mcc is insubstantially different from lactose; iv) the court overlooked the fact that Claim 16 of the '450 patent requires no function for the saccharide.

Defendants oppose the motion for reconsideration initially on the ground that it does not meet any of the grounds for such a motion under Local Rule 7.1(i).  Next, Defendants assert that in its April 23, 2007, opinion the court did not adopt Warner-Lambert's view of the law that actual notice of infringement given with respect to one product can constitute notice of infringement by an insubstantially different product, <u>e.g.</u>, <u>Eastman Kodak Co. v. Agfa-Gevaert N.V.</u>, 2006 WL 1913368, at *2-3 (W.D.N.Y. July 11, 2006).

In fact, the court did accept Warner-Lambert's view of the law, but found that for notice purposes the similarities of Teva's ANDA product in <u>Accupril</u> I and Ranbaxy's ANDA product are not so substantially similar as to cause the filing of the <u>Accupril</u> I complaint to become a § 287 notice.

The error the court committed was to make this finding as a matter of law when there was evidence from which a contrary finding could be made.  Summary judgment should not have been granted, and the issue should have been left to the jury.  The consequences are serious enough to justify correction by means of a Local Rule 7.1(i) motion.

Warner-Lambert's motion for reconsideration will be granted.  The court's order granting Defendants' joint motion for partial summary judgment will be vacated, and an order denying

their joint motion for summary judgment will be entered.

                                                      **/s/ Dickinson R. Debevoise**
                                                      DICKINSON R. DEBEVOISE
                                                              U.S.S.D.J.

Dated: September 25, 2007